# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  **v.**                                       Case No. 14-CR-21

**TAWON CURTIS,**

    **Defendant.**

## DECISION AND ORDER ON DEFENDANT'S PRETRIAL MOTION TO REQUIRE IMMEDIATE DISCLOSURE OF CONFIDENTIAL INFORMANTS' IDENTITIES AND MOTION TO SEVER

## BACKGROUND

On February 4, 2014, a grand jury in the Eastern District of Wisconsin returned a seven count indictment against defendants Louis Williams, Kevin Garrett, and Tawon Curtis. Curtis is charged in Count One of the indictment with conspiracy to distribute 100 or more grams of heroin and in Counts Two and Four of the indictment with distributing heroin. Curtis has filed a motion to sever his case from co-defendant Williams for purposes of trial (Docket # 34) and a motion seeking immediate disclosure of the government's confidential informants (Docket # 33). The motions have been fully briefed and are now ready for resolution. For the reasons stated here the motion to sever is denied as moot and the motion to require immediate disclosure of confidential informants' identities is granted.

## MOTION TO SEVER

Regarding his motion to sever, in his reply brief, Curtis states that the government has proposed a redacted version of Williams' statement and that Curtis would not oppose their cases

being joined for trial if Williams' statement is redacted in such a way that any *Bruton* issues would be cured. (Docket # 45 at 1.) Although Curtis does not concede that the proposed redactions resolve the issue, he "remains confident that this issue can be appropriately resolved," and thus appears to withdraw his motion to sever. As such, this motion will be denied as moot.

### MOTION FOR IMMEDIATE DISCLOSURE OF IDENTITIES OF CONFIDENTIAL INFORMANTS

It is well-established that as a general rule, the government enjoys a limited privilege of withholding the identity of an informant. *See Roviaro v. United States*, 353 U.S. 53, 59-60 (1957); *United States v. Bender*, 5 F.3d 267, 269 (7th Cir. 1993). This privilege encourages citizens to perform their obligation to communicate their knowledge of the commission of crimes to law enforcement officials by preserving the informant's anonymity. *United States v. Jefferson*, 252 F.3d 937, 940 (7th Cir. 2001). The government is granted this limited privilege as a right, and need not make a threshold showing of likely reprisal or retaliation against the informant in order to assert the privilege. *United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994).

Although automatic, the government's privilege is not absolute. "Where the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro*, 353 U.S. at 60-61. The defendant bears the burden in the face of an assumption that the privilege should apply. *Valles*, 41 F.3d at 358. "The confidential informant privilege will not yield to permit a mere fishing expedition, nor upon bare speculation that the information may possibly prove useful." *Id.* (internal quotation and citation omitted).

Disclosure of a confidential informant's identity "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible

significance of the informer's testimony, and other relevant factors." *Roviaro*, 353 U.S. at 62. Factors to be considered are whether the informant is a transactional witness and whether the informant's testimony is relevant and could assist the defendant. *Bender*, 5 F.3d at 270. "Informants who played major roles in the criminal occurrences will of course offer more significant testimony than those whose participation was peripheral; a showing that a potential defense may depend on the informant's involvement also weighs in favor of disclosure." *Valles*, 41 F.3d at 358.

The nature of the confidential informant's role is an important factor to consider when determining whether that informant's identity should be disclosed. *United States v. Harris*, 531 F.3d 507, 515 (7th Cir. 2008). When a confidential informant is a "mere tipster," disclosure is not required. *Id.* A "tipster," is "someone whose only role was to provide the police with the relevant information that served as the foundation" for the investigation. *United States v. Wilburn*, 581 F.3d 618, 623 (7th Cir. 2009) (citing *Harris*, 531 F.3d at 515).

On the other hand, a "transactional witness" is one "who participated in the crime charged against a defendant or witnessed the event in question." *Id.* In *Roviaro*, the Court required disclosure of a confidential informant who was the sole participant, other than the defendant, in the transaction charged against the defendant. 353 U.S. at 64. The Court found the informant's testimony "highly relevant" because he "had helped to set up the criminal occurrence and had played a prominent part in it." *Id.*

Ultimately, to determine whether the government is required to disclose the identity of an informant, the court must balance the public interest in obtaining information necessary to apprehend those who have committed crimes against the defendant's interest in a fair trial. *United States v. Andrus,* 775 F.2d 825, 841 (7th Cir.1985).

In this case, Curtis seeks the immediate disclosure of the identities of the confidential informants referred to as: CI-1099 (Individual A), CI-2074 (Individual B), Individual C, "another unidentified informant," and all confidential informants used by the government in its investigation and prosecution of Curtis. (Docket # 33 at 1.) Curtis states that both Individual A and Individual B allege that Curtis was present when Williams sold drugs to each confidential informant. (*Id.* at 4.) Curtis further states that discovery materials suggest that there is an additional individual, whose name is redacted and not given a CI number, who recalls Curtis delivering heroin to an unidentified source. (*Id.*) Finally, Curtis states that Individual C identifies Curtis as a person from whom he purchased heroin in the past. (*Id.*) Curtis argues that because each of these confidential informants have actually purchased heroin from Curtis or allege that he was involved in some way in a heroin transaction they had with others, they are all transactional witnesses. Curtis argues the government should immediately disclose the identity of the confidential informants, as well as various other information about them. (*Id.* at 6.)

The government does not dispute Curtis' contention that Individual A and Individual B are transactional witnesses. (Docket # 38 at 5.) However, the government does not concede that Individual C and the other unnamed individual are transactional witnesses. Rather, the government argues these "two tipsters" provided information used to assist in determining whether probable cause existed for arrest and search warrants. (*Id.* at 6.) Additionally, the government responds that it will disclose the identities of all transactional informants directly involved with controlled buys with Curtis by April 3, 2014. (*Id.* at 3-4.) The government further states that it will disclose any informant it seeks to call to testify in its case-in-chief at trial. (*Id.* at 4.) The government argues that

disclosure should be limited to the identity of the informant and stated that it is aware of its obligations under *Brady* and *Giglio*. (*Id.*)

In his reply, Curtis does not contest the government's position regarding Individual C and the other unnamed individual. (Docket # 45 at 1.) Curtis, however, argues that disclosure of the identities of transactional witnesses by April 3, 2014 is insufficient and because of the fact trial is less than 30 days away, the more appropriate relief at this juncture is exclusion of their testimony. (*Id.* at 2.)

Accordingly, the only issue currently before the Court is when the government must disclose the identities of Individual A, Individual B, and any other transactional witnesses it intends to call in its case-in-chief. Exclusion of the witnesses' testimony, as Curtis argues, is not warranted. Although trial is less than 30 days away, part of the delay in briefing and deciding these pretrial motions stems from the defendant asking for extensions of time. (Docket # 27 and Docket # 40.) Additionally, even though 30 days prior to trial is a common time frame for CI disclosure in this District, *see, e.g.*, *United States v. Bond*, No. 10-CR-117, 2010 WL 6749142 (E.D. Wis. Dec. 6, 2010); *United States v. Mathis*, No. 09-CR-254, 2010 WL 1507881 (E.D. Wis. Apr. 14, 2010), unlike those cases, the present case has not been designated as complex. Trial is scheduled for April 14, 2014, approximately two weeks away. Immediate disclosure is appropriate to allow the defense to prepare. The government is ordered to disclose the identities of Individual A, Individual B, and other transactional witnesses it intends to call in its case-in-chief immediately. As to details of the information to be disclosed beyond the identities of the informant, the government has already stated that it is aware of its obligations under *Brady* and *Giglio*.

**NOW, THEREFORE, IT IS ORDERED** that defendant Tawon Curtis' motion to require immediate disclosure of confidential informants' identities (Docket # 33) is **GRANTED**. The government is ordered to disclose the identities of the transactional witnesses CI-1099 (Individual A), CI-2074 (Individual B), and other transactional witnesses it intends to call in its case-in-chief immediately.

**IT IS FURTHER ORDERED** that defendant Tawon Curtis' motion to sever (Docket # 34) is **DENIED AS MOOT**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Crim. P. 59(a) (as amended effective December 1, 2009) whereby written objections to this order or part thereof may be filed within fourteen days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 28th day of March, 2014.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge